KAREN P. HEWITT
United States Attorney
STEWART M. YOUNG
Assistant U.S. Attorney
California State Bar No. 234889
United States Attorney's Office
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6228
Fax: (619) 557-6741
Email: stewart.young@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JORGE LUIS APALATEGUI (D1),<br><br>Defendant. | CRIMINAL CASE NO. 3:07-CR-3356 L<br><br>DATE: January 22, 2008<br>TIME: 2 P.M.<br><br>GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS<br><br>[16-1] COMPEL DISCOVERY; AND<br>[16-2] GRANT LEAVE TO FILED ADDITIONAL MOTIONS<br><br>TOGETHER WITH A STATEMENT OF THE FACTS AND THE MEMORANDUM OF POINTS AND AUTHORITIES, AND GOVERNMENT'S MOTIONS FOR:<br><br>[1] RECIPROCAL DISCOVERY |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Stewart M. Young, Assistant United States Attorney, hereby files its Response and Opposition to Compel Discovery, and its Motion for Reciprocal Discovery. This response and motion is based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

## I

## STATEMENT OF THE CASE

On December 12, 2007, the Government filed a two-count indictment charging Jorge Luis Apalategui and Liliana Magallanes-Higuera with violating 21 U.S.C. §§ 952 and 960, importation of 82.62 kilograms of marijuana, and 21 U.S.C. § 841(a)(1), possession of 82.62 kilograms of marijuana with intent to distribute, and 18 U.S.C. §2, aiding and abetting. On December 18, 2007, both defendants were arraigned on the Indictment and entered a plea of not guilty.

## II

## STATEMENT OF FACTS

On December 4, 2007, at approximately 9:25 pm, both defendants entered the United States through the Calexico, California, East Port of Entry. Apalategui was the driver and Magallanes-Higuera was a passenger in the vehicle, which was a 2005 Chevrolet Silverado truck. In the pre-primary area, a Narcotic Detector Dog (NDD) was doing screening operations and alerted to the bed of the truck. Apalategui gave a negative customs declaration and stated they were on their way back from eating tacos in Mexico. The vehicle was referred to the secondary inspection area.

In the secondary inspection lot, the vehicle was x-rayed. The x-ray indicated an anomaly in the bed of the truck. Upon removal of the bed liner of that truck, officers discovered an access plate to a non-factory compartment. A subsequent search of the vehicle resulted in the discovery of a number of packages hidden inside this non-factory compartment. A total of 36 packages were found totaling approximately 82.62 kilograms of a substance that field-tested positive for marijuana.

## III

## THE UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY ALONG WITH MEMORANDUM OF POINTS AND AUTHORITIES.

The United States has and will continue to fully comply with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (19 U.S.C. § 3500), and Rule 16 of the Federal Rules of Criminal Procedure. The United States has already produced 98 pages of discovery to defense counsel including investigative reports and Apalategui's ("Defendant") statements, as well

as DVDs of each defendant's post-Miranda statements, if any. Nevertheless, Defendant makes a further series of discovery requests. The following is the United States' response to Defendant's various discovery requests.

1. Statements of Defendant

The United States has already produced reports disclosing the substance of Defendant's oral and written statements. The United States will continue to produce discovery related to Defendant's statements made in response to questions by agents. Relevant oral statements of Defendant are included in the reports already provided.

2. Arrest Reports, Notes and Dispatch Tapes

The United States has provided the Defendant with all arrest reports. All case agent notes, if they exist, will be preserved but not produced. To the United States' knowledge, no dispatch tapes exist.

3. Reports of Scientific Tests of Examinations

The United States will provide the results of any reports of scientific tests or examinations, should any be conducted. At this time, the United States is aware of no tests or examinations which are material to the preparation of the defense or are intended for use by the United States at trial.

4. Brady Material

Again, the United States is well aware of and will continue to perform its duty under Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976) to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. Defendant, however, is not entitled to all evidence known or believed to exist which is, or may be, favorable to the accused, or which pertains to the credibility of the United States' case. As stated in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980), it must be noted that:

> [T]he prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality. [Citation omitted.]

Id. at 774-775.

The United States will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

Although the United States will provide conviction records, if any, which could be used to impeach a witness, the United States is under no obligation to turn over the criminal records of all witnesses. United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976), cert. denied, 429 U.S. 1074 (1977). When disclosing such information, disclosure need only extend to witnesses the United States intends to call in its case-in-chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

Finally, the United States will continue to comply with its obligations pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

5. Sentencing Information

Defendant claims that the United States must disclose any information affecting Defendant's sentencing guidelines because such information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963). The United States respectfully contends that it has no such disclosure obligation under Brady.

The United States is not obligated under Brady to furnish a defendant with information which he already knows. United States v. Taylor, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986). Brady is a rule of disclosure, and therefore, there can be no violation of Brady if the evidence is already known to the defendant. In such case, the United States has not suppressed the evidence and consequently has no Brady obligation. See United States v. Gaggi, 811 F.2d 47, 59 (2d Cir. 1987).

But even assuming Defendant does not already possess the information about factors which might affect his guideline range, the United States would not be required to provide information bearing on Defendant's mitigation of punishment until after Defendant's conviction or plea of guilty and prior to his sentencing date. See United States v. Juvenile Male, 864 F.2d 641, 647 (9th Cir. 1988) ("No [Brady] violation occurs if the evidence is disclosed to the defendant at a time when the disclosure remains in value."). Accordingly, Defendant's demand for this information is premature.

6. Defendant's Prior Record

The United States will provide Defendant with a copy of his criminal record in accordance with Federal Rule of Criminal Procedure 16(a)(1)(B), if such a record has not already been provided to Defendant.

7. Proposed 404(b) Evidence

Should the United States seek to introduce any similar act evidence pursuant to Federal Rules of Evidence 404(b) or 609, the United States will provide Defendant with notice of its proposed use of such evidence and information about such bad act at the time the United States' trial memorandum is filed.

8. Evidence Seized

Other than the drugs and the car, which are obviously difficult to photocopy and produce in standard discovery, copies of all seized evidence have been produced in discovery. The United States has, and will continue to comply with Rule 16(a)(1)(C) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or are intended for use by the United States as evidence in chief at trial, or were obtained from or belong to Defendant, including photographs.

The United States, however, need not produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

9. Request of Preservation of Evidence

The United States will preserve all evidence to which Defendant is entitled pursuant to the relevant discovery rules. However, the United States objects to any blanket request to preserve all physical evidence.

The United States has complied and will continue to comply with Rule 16(a)(1)(C) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within his possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or intended for use by the United States as evidence in chief at trial, or obtained from or belong to Defendant, including photographs. The United States has made the evidence available to Defendant and his investigators and will comply with any request for inspection.

10. Tangible Objects

Again, the United States is well aware of and will fully perform its duty under Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976), to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. Defendant, however, is not entitled to all documents known or believed to exist, which is, or may be, favorable to the accused, or which pertains to the credibility of the United States' case.

The United States has, and will continue to comply with Rule 16(a)(1)(C) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or are intended for use by the United States as evidence in chief at trial, or were obtained from or belong to Defendant, including photographs.

Finally, at the risk of redundancy, the United States has already and will continue to turn over documents that could be considered material under Brady. Evidence is material under Brady only if there is a reasonable probability that had it been disclosed to the defense, the result of the proceeding would have been different. United States v. Antonakeas, 255 F.3d 714, 725 (9th Cir. 2001).

11. Bias or Motive to Lie

The United States is unaware of any evidence indicating that a prospective witness is biased or prejudiced against Defendant. The United States is also unaware of any evidence that prospective witnesses have a motive to falsify or distort testimony.

12. Impeachment Evidence

As stated previously, the United States will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

13. Evidence of Criminal Investigation of Government Witness

Defendants are not entitled to any evidence that a prospective witness is under criminal investigation by federal, state, or local authorities. The Government is under no obligation to turn over the criminal records or rap sheet of its potential witnesses. United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976), cert. denied, 429 U.S. 1074 (1977).. The Government will, however, provide the conviction record, if any, which could be used to impeach witnesses the Government

intends to call in its case-in-chief. When disclosing such information, disclosure need only extend to witnesses the United States intends to call in its case-in-chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

14. Evidence Affecting Perception, Recollection, Ability to Communicate of Truth-Telling

The United States is unaware of any evidence indicating that a prospective witness has a problem with perception, recollection, communication, or truth-telling.

15. Witnesses Addresses

The United States has provided Defendant with the reports containing the names of the agents involved in the apprehension and interviews of Defendant. A defendant in a non-capital case, however, has no right to discover the identity of prospective Government witnesses prior to trial. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977); United States v. Dishner, 974 F.2d 1502, 1522 (9th Cir 1992) (citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985)); United States v. Hicks, 103 F.23d 837, 841 (9th Cir. 1996). Nevertheless, in its trial memorandum, the United States will provide Defendants with a list of all witnesses whom it intends to call in its case-in-chief, although delivery of such a witness list is not required. See United States v. Discher, 960 F.2d 870 (9th Cir. 1992); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987).

The United States objects to any request that it provide a list of every witness to the crimes charged who will not be called as a United States witness. "There is no statutory basis for granting such broad requests," and a request for the names and addresses of witnesses who will not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(C)." United States v. Hsin-Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F. Supp. 444, 502 (D. Del. 1980)). The United States is not required to produce all possible information and evidence regarding any speculative defense claimed by Defendants. Wood v. Bartholomew, 516 U.S. 1, 6-8 (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery of admissible exculpatory evidence are not subject to disclosure under Brady).

16. Witnesses Favorable to Defendant

The United States objects to any request that it provide a list of every witness to the crimes charged who will not be called as a United States witness. The United States has stated that it will

comply with the request for its witness list before trial. "There is no statutory basis for granting such broad requests," and a request for the names and addresses of witnesses who will not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(C)." United States v. Hsin-Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F. Supp. 444, 502 (D. Del. 1980)). The United States is not required to produce all possible information and evidence regarding any speculative defense claimed by Defendants. Wood v. Bartholomew, 516 U.S. 1, 6-8 (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery of admissible exculpatory evidence are not subject to disclosure under Brady). The United States will also comply with its discovery obligations regarding any exculpatory evidence that it might become aware of regarding the defendant. But absent these obligations, the United States is unaware of any witness that may be favorable to the defendant.

As stated previously, the United States will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

17. Statements Favorable to Defendant or Relevant to Any Defense Theory

The United States is unaware of any favorable statements to Defendant or statements relevant to any defense. If any appear, the United States will produce them in compliance with its ongoing discovery obligations. Of course, disclosure of the proposed defense would make this task far more manageable.

18. Jencks Act Material

The Jencks Act, 18 U.S.C. § 3500, requires that, after a United States witness has testified on direct examination, the United States must give the Defendant any "statement" (as defined by the Jencks Act) in its possession that was made by the witness relating to the subject matter to which the witness testified. 18 U.S.C. § 3500(b). A "statement" under the Jencks Act is (1) a written statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e). If notes are read back to a witness to see whether or not the government agent correctly understood what the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks Act. United States

v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United States, 425 U.S. 94, 98 (1976)). While the United States is only required to produce all Jencks Act material after the witness testifies, the United States plans to provide most (if not all) Jencks Act material well in advance of trial to avoid any needless delays.

Additionally, no witness who testified before the grand jury will testify at trial, so the United States does not anticipate that it will have to provide any of the Grand Jury transcripts to Defendant.

19. Giglio Information

As stated previously, the United States will comply with its obligations pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and Giglio v. United States, 405 U.S. 150 (1972).

20-21. Personnel Records of Testifying Witnesses

Defendant has no right to discovery of these private personnel files. Screening will be done pursuant to the United States' Henthorn obligations but no disclosure of the actual files will be made. Accordingly, the United States will continue to comply with its obligations pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

Defendant cites a California Supreme Court case from 1974 for the proposition that he is entitled to "all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved . . . ." In fact, Pitchess v. Superior Court, 11 Cal. 3d 531, 539 (1974), has been superseded by statute. The legislature's aim in enacting the statute, as described the California Supreme Court, was "to protect such records against 'fishing expeditions' conducted by defense attorneys following the Pitchess decision." City of San Jose v. Superior Court, 5 Cal.4th 47, 54 (1993).

The controlling federal law is United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and the Government, as stated, will continue to comply with those obligations.

**VIII**

**NO OPPOSITION TO DEFENDANT'S REQUEST FOR LEAVE TO FILE FURTHER MOTIONS**

The United States does not object to the granting of leave to allow Defendant to file further motions, as long as the order applies equally to both parties and additional motions are based on newly discovered evidence or discovery provided by the United States subsequent to the instant motion at issue.

**IX**

**MOTION FOR RECIPROCAL DISCOVERY**

The United States hereby moves for reciprocal discovery from the Defendant. To date Defendant has not provided any. The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in their case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which Defendant intend to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. Because the United States will comply with Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

In addition, Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by Defendant. This rule thus provides for the reciprocal production of Jencks statements. The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United

States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

## X

## CONCLUSION

For the above stated reasons, the United States respectfully submits its Response and Opposition to Defendant's Motions for Discovery, and requests that its Motion for Reciprocal Discovery be granted.

DATED: January 18, 2008.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

s/Stewart M. Young
STEWART M. YOUNG
Assistant U.S. Attorney
Email: stewart.young@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JORGE LUIS APALATEGUI (D1),<br>Defendant. | ) | Criminal Case No. 3:07-CR-3356 L<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, Stewart M. Young, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the United States' Response and Opposition to Defendant's Motions, as well as the Government's Motion for Reciprocal Discovery on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1.Marc X. Carlos, Esq.
Mxlos@aol.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 18, 2008

s/ *Stewart M. Young*
Stewart M. Young